# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW ESCALANTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No: 23-cv-2559-JWB-TJJ |
| PAUL BURMASTER, ) | |
| ) | |
| Defendant. ) | |

## NOTICE AND ORDER TO SHOW CAUSE

**TO PLAINTIFF:**

Plaintiff, proceeding *pro se*, filed this 42 U.S.C. § 1983 action against Paul Burmaster, the state court judge presiding over Plaintiff's child custody proceedings in the District Court of Johnson County, Kansas. In conjunction with the filing of his civil complaint, Plaintiff filed a motion requesting leave to proceed without prepayment of the filing fee under the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(a)(1). That motion was granted,[1] but service of the summons and complaint was withheld pending pre-service review, as it appeared this action is frivolous or malicious and fails to state a claim on which relief may be granted, and therefore should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

When a party is granted leave to proceed *in forma pauperis*, § 1915(e)(2) permits the court to screen the party's complaint. The court must dismiss the case if it determines the action "(i) is

---

[1] *See* Order Granting *In Forma Pauperis* Status But Withholding Service of Summons and Complaint, ECF No. 9.

[2] *Id.* at 2.

frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."[3] The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4]

Plaintiff has filed multiple federal cases in this District against Judge Burmaster based on orders entered in the state court child custody proceedings. Plaintiff filed the first case in March 2023 (Case 23-2130). It was dismissed by Judge Crouse on June 14, 2023 under the *Younger* abstention doctrine and because it was barred by judicial immunity.[5] In October 2023, Plaintiff filed another case against Judge Burmaster (Case 23-2471). That action was dismissed by Judge Broomes on January 5, 2024.[6] Plaintiff has also filed at least six other actions (three involving Judge Burmaster) related to the state court proceedings within the last year.[7] Notably, on November 6, 2023, Judge Vratil entered an order sustaining Plaintiff's own motion to dismiss one of those cases, while admonishing Plaintiff to consult Federal Rule of Civil Procedure 11 before

---

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[5] *See Escalante v. Burmaster*, No. 23-cv-02130-TC-TJJ, 2023 WL 3993210, at *2 (D. Kan. June 14, 2023) (adopting report & recommendation).

[6] *See Escalante v. Burmaster*, No. 23-cv-2471-JWB, 2024 WL 68370, at *1 (D. Kan. Jan. 5, 2024) (granting the defendant's motion to dismiss, but denying the request for sanctions).

[7] *See Escalante v. Burmaster*, Cases 23-3193-JWL; 23-3195-JWL, 23-3232-JWL; *Escalante v. Escalante, et al.*, Cases 23-2176-KHV; 23-2491-JWB; 23-2529-JWB; and 23-2536-TC.

re-asserting claims which this court had previously rejected based on the ongoing state court custody proceedings.[8]

In light of Judge Broomes' recent Memorandum and Order in *Escalante v. Burmaster*, Case 23-2471 (ECF No. 53), which dismissed Plaintiff's prior case against Defendant Burmaster upon his motion to dismiss, the Court considers here whether this case is barred by the doctrine of res judicata or collateral estoppel.[9] Under the doctrine of collateral estoppel or issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."[10] To succeed on the defense, the following must be established: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."[11]

---

[8] Case No. 23-2176, ECF No. 22.

[9] The court may raise the preclusion doctrines of res judicata or collateral estoppel *sua sponte* in the interests of avoiding "unnecessary judicial waste." *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting on other grounds); *but see Arizona v. Calif.*, 530 U.S. 392, 412-13 (2000) (court must be "cautious about raising a preclusion bar *sua sponte*" where "no judicial resources have been spent on the resolution of a question"). Here, the Court has already expended significant judicial resources on Plaintiff's multiple and duplicative lawsuits asserting the same claims and allegations against the same defendant.

[10] *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009) ("Collateral estoppel bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim.").

[11] *Moss*, 559 F.3d at 1161.

After reviewing Plaintiff's "42 U.S.C. § 1983 Complaint for Violation of Civil Rights" (ECF No. 1) and amendment of that complaint (ECF No. 10) filed in this case, the Courts finds all four factors appear satisfied here and would warrant dismissal of this case. Plaintiff asserted Section 1983 claims in his prior case (Case 23-2471), alleging Defendant violated his rights by issuing various judicial orders in the state child custody and related proceedings.[12] Plaintiff's claims and allegations in this case also arise from Defendant's issuance of judicial orders in the same state court proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff must show good cause in writing to the Honorable John W. Broomes, United States District Judge, on or before **January 31, 2024**, why this action should not be dismissed with prejudice as barred by the doctrines of res judicata and collateral estoppel.

**IT IS SO ORDERED.**

Dated January 17, 2024, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

[12] *See* Pl's Fourth Civil Rights Complaint (ECF No. 15), which the court deemed the operative complaint, in 23-cv-2471-JWB-TJJ.