IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE,

        Plaintiff,

v.                                                 Case No.  23-2559-JWB

PAUL BURMASTER,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's response (Doc. 13) to Magistrate Judge James's notice and order to show cause (Doc. 12).

Plaintiff is proceeding pro se and filed this 42 U.S.C. § 1983 action against Paul Burmaster, a state court judge for the District Court of Johnson County, Kansas, who was presiding over child support proceedings involving Plaintiff.  This is the sixth action filed by Plaintiff against Judge Burmaster.  In March 2023, Plaintiff filed a similar action.  *See Escalante v. Burmaster (Burmaster I)*, Case No. 23-2130-TC.  *Burmaster I* was dismissed by Judge Crouse under the *Younger* abstention doctrine and on the basis that it was barred by judicial immunity.  *See id.* Doc. 31.  Plaintiff has also filed at least six other actions (four involving Judge Burmaster) related to the state court proceedings within the last year.  *See Escalante v. Burmaster*, Cases 23-03193-JWL; 23-3195-JWL, 23-3232-JWL; 23-2471-JWB; *Escalante v. Escalante, et al.*, Cases 23-2176-KHV, 23-2491-JWB.  Notably, on November 6, 2023, Judge Vratil entered an order admonishing Plaintiff to consult Federal Rule of Civil Procedure 11 before re-asserting claims which this court has previously rejected based on the ongoing state court proceedings.  Case No. 23-2176, Doc. 22.  Shortly before Judge Vratil's order was entered, Plaintiff filed another case against Judge

Burmaster, *Escalante v. Burmaster (Burmaster II)*, Case No. 23-2471-JWB.   In *Burmaster II*, Plaintiff again complained of actions taken by Judge Burmaster in the state court proceedings. One of which involved a March 20, 2023, order in which Judge Burmaster restricted Plaintiff's contact with the state court based on Plaintiff's incessant emails, requests, and demands for action to numerous personnel in the state district court.   *See Burmaster I*, Doc. 7-1.   Plaintiff alleged that the March 20, 2023, order was procured out of fraud and entered without judicial authority. *Burmaster II*, Doc. 15.   Plaintiff further alleged that Judge Burmaster violated his 14th Amendment rights by serving Plaintiff with a copy of an Extended Protection from Stalking Order that lacked certification under 18 U.S.C. § 2265.   *Id.*, Doc. 41-1 at 4.   Plaintiff further stated that the service of that order somehow violated a Kansas criminal statute, K.S.A. § 21-5907.   Notably, Plaintiff then filed this action ("*Burmaster III*") against Judge Burmaster alleging a violation of his civil rights because Plaintiff was "improperly summoned" with an April 2023 "deficient show cause order." (Doc. 1 at 4.)   Plaintiff has since amended his complaint.   His amended complaint includes other allegations recited herein and actions taken by Judge Burmaster in the state proceedings. (Doc. 10.)

In *Burmaster II*, Judge Burmaster moved to dismiss on several grounds, including collateral estoppel and judicial immunity.   The court ruled that Plaintiff's claims were barred by collateral estoppel because of the court's prior finding in *Burmaster I* that Judge Burmaster was entitled to judicial immunity for his actions in the underlying state court case.   *Burmaster II*, Doc. 53.   Notably, Plaintiff amended his complaint in this case only days after this court dismissed *Burmaster II*.   The court further notes that it imposed filing restrictions on Plaintiff for any future cases.   *Id.*   Those restrictions were not put into place until after Plaintiff filed this action.   Therefore, the court declines to impose sanctions on Plaintiff for this action.

2

Plaintiff is proceeding pro se and in forma pauperis.[1]  When a party is granted leave to proceed in forma pauperis, § 1915(e)(2) permits the court to screen the party's complaint.  The court must dismiss the case if it determines the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Magistrate Judge James entered a show cause order which ordered Plaintiff to show cause why this case should not be dismissed on res judicata or collateral estoppel grounds.  (Doc. 12.)  Plaintiff has now filed a response.  (Doc. 13.)

## I.    Analysis

Res judicata encompasses claim preclusion, and the related doctrine of collateral estoppel is typically used for issue preclusion.  *See Bolden v. City of Topeka, Kan*., 441 F.3d 1129, 1139 (10th Cir. 2006); *Stan Lee Media, Inc. v. Walt Disney Co*., 774 F.3d 1292, 1297 (10th Cir. 2014).  Under the doctrine of collateral estoppel or issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009) ("Collateral estoppel bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim.").  To succeed on the defense, the following must be established: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a

---

[1] Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  And pro se plaintiffs must follow the same rules of procedure that govern represented litigants.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Moss*, 559 F.3d at 1161.

The court notes initially that Plaintiff contends in his response that the doctrine of res judicata (or collateral estoppel) does not apply because the prior judgment was obtained by fraud. (Doc. 13 at 4–5.) Essentially, Plaintiff contends that the underlying state court judgment and orders were obtained by fraud due to alleged misconduct by Judge Burmaster. This court's ruling in *Escalante II* on issue preclusion, however, determined that Plaintiff was precluded from bringing another § 1983 claim against Judge Burmaster based on the prior finding on judicial immunity in *Escalante I*. There is no basis to suggest that the decision in *Escalante I* was procured by fraud. *See United Bus. Commc'ns, Inc. v. Racal-Milgo, Inc.*, 591 F. Supp. 1172, 1183 (D. Kan. 1984) (discussing that a fraudulently obtained judgment is not entitled to preclusive effect). Therefore, the court may preclude Plaintiff from relitigating the issue of judicial immunity if the requisite elements are met.

These elements have been met here. First, the complaints in all three cases allege that Defendant violated Plaintiff's rights by issuing certain orders in the state custody case. Further, the issue of absolute judicial immunity was presented in both prior actions and was the basis for dismissal in *Burmaster I*.[2] *See* B*urmaster I*, Docs. 31, 32; *Burmaster II*, Docs. 53, 54. While jurisdictional dismissals are generally not considered a ruling on the merits, the Tenth Circuit has held that such dismissals "preclude relitigation of the issues determined in ruling on the jurisdiction question." *Jones v. U.S. Dep't of Just.*, 137 F. App'x 165, 168 (10th Cir. 2005) (quoting *Park Lake Res., Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004)). Thus, issue preclusion "prevents a party from relitigating a jurisdictional question when the party had a full

---

[2] It was also an alternative holding in *Burmaster II*. *See Burmaster II*, Doc. 53 at 6.

4

and fair opportunity to litigate the matter in the prior case and the party is reasserting an identical jurisdictional claim." *Cory v. Fahlstrom*, 143 F. App'x 84, 87 (10th Cir. 2005).  Therefore, there has been a final determination as to the jurisdictional issue in *Burmaster I*.

Third, Plaintiff was obviously a party to all three cases.

Finally, Plaintiff had a full and fair opportunity to litigate the question of absolute judicial immunity in *Burmaster I* and *Burmaster II*.  In his response to the show cause order, Plaintiff argues that he did not have a full and fair opportunity to litigate the issues in the state court case. (Doc. 13 at 2.)  That is not the question as to this element, however.  It is whether he had a full and fair opportunity to litigate the question of judicial immunity in the prior case in this court.  The court finds that he has based on the record.

Therefore, Plaintiff is barred from relitigating the question of judicial immunity and this action is therefore subject to dismissal as it is frivolous.

**II.    Conclusion**

This action is DISMISSED as it is frivolous.

IT IS SO ORDERED.  Dated this 25th day of January 2024.

__ s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE